UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY EVERETT DANIELSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. JEFFERY JENNINGS,<br><br>　　　　　Defendant. | NO. CV-06-3007-RHW<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE** |

On February 16, 2006, the Court directed Plaintiff to file an amended complaint or face dismissal, pursuant to 28 U.S.C. § 1915(e). On that same day, Plaintiff filed his "Formal Complaint." In his Complaint, Plaintiff alleges that Defendant violated his HIPAA[1] rights.

Section 1915(e) requires the Court to screen complaints filed *in forma pauperis*, and it must dismiss a complaint if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted by either failing to present a cognizable legal theory, or failing to plead sufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

---

[1] Health Insurance Portability & Accountability Act of 1996, 42 U.S.C. §§ 1320d to d-8.

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE ~ 1**

Here, the only claim alleged by Plaintiff is a violation of HIPAA, in which Plaintiff seeks compensation of $1000.000.  Plaintiff cannot maintain a claim for violation of HIPAA because no express or implied private cause of action exists under the statute.  *See Poli v. Mountain Valleys Health Centers, Inc.*, 2006 WL 83378 (E.D. Cal. 2006); *Johnson v. Quander*, 370 F. Supp. 2d 79, 99 (D.D.C. 2005) ; *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004); *University of Colorado Hosp. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004); *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F. Supp. 2d 1176, 1178 (D. Wyo. 2001)

Generally, if a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that allegation of other facts consistent with the pleadings could not possibly cure the deficiency.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Here, Plaintiff has not provided any allegation of other facts that could cure the deficiency of the complaint.  Because he has failed to present a cognizable legal theory, Plaintiff's complaint must be dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The above-captioned case is **dismissed without prejudice**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 22nd day of September, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Danielson\dismiss.wpd

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE ~ 2**